UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:03-cr-00040-TWP-TAB |
| | ) | |
| PHILLIP A. SULLIVAN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PETITION ALLEGING VIOLATION OF SUPERVISION**

On November 22, 2013, the Court held a hearing on the petition alleging a violation of supervision filed on November 5, 2013. Sullivan appeared in person with appointed counsel, Michael J. Donahoe. The government appeared by Zachary Myers, Assistant United States Attorney. U. S. Parole and Probation appeared by Tim Hardy, U. S. Parole and Probation officer.

Sullivan was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations. Donahoe stated that Sullivan would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the petition. Sullivan executed a written waiver of the preliminary hearing, which the Court accepted.

Sullivan, through counsel, stipulated that he committed violations 2-6 as set forth in the petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2. | *"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any* |

1

       *controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.@*

3.   *@The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.@*

4.   *"The defendant shall refrain from any unlawful use of a controlled substance."*

    Defendant tested positive for marijuana on May 24, 2013, July 25, 2013, August 9, 2015, and September 11, 2013.

    On August 9, 2013, the defendant's conditions were modified to include a 180 day placement at a Residential Reentry Center.

5.   *"The defendant shall reside for a period of up to 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."*

    On September 16, 2013, Mr. Sullivan entered the RRC in Indianapolis to begin his 180 day placement as part of the above modification. On October 16, 2013, Mr. Sullivan was asked to leave the RRC after numerous rule violations, which included the following: not actively seeking employment; multiple write-ups (smoking in the facility); and intimidating a resident at the facility.

6.   *@The defendant shall pay any fine that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.@*

    The defendant has failed to satisfy his financial obligation. As of October 16, 2013, his fine balance is $250. The offender's last payment of $50 was made on June 24, 2013. He is currently more than four months delinquent on his financial obligation.

The Court placed Sullivan under oath and directly inquired of Sullivan whether he admitted the violation of the specifications of his supervised release set forth above. Sullivan stated that he admitted the violations as set forth above. The Government dismissed the remaining alleged violation.

Counsel for the parties further stipulated to the following:

    a.    The most serious grade of violation is Grade C, pursuant to U.S.S.G. ' 7B1.1(a)(3).

    b.    Sullivan has suffered criminal convictions that yield a criminal history category of VI.

    c.    The term of imprisonment applicable upon revocation of Sullivan's supervised release is 8-14 months imprisonment. *See*, U.S.S.G. ' 7B1.4(a).

The parties agreed that the Defendant=s conditions of supervised release should be revoked as follows:

    a.    The Defendant's supervised release shall be revoked.

    b.    The Defendant shall be committed to the Bureau of Prisons for a period of 8 months.

    c.    The Defendant shall have no supervision following his incarceration.

    d.    The Court recommends designation to Terre Haute.

The Court, having heard the admissions of the Defendant, the stipulations of the parties, the arguments and discussions on behalf of each party, now finds that the Defendant, Phillip A. Sullivan, violated the above-delineated conditions in the petition.

For the reasons more fully set forth on the record, and considering the factors set forth in 18 U.S.C. § 3553(a), the Magistrate Judge recommends that Sullivan's supervised release be revoked as proposed above.

The Court further requests that Tim Hardy, U. S. Parole and Probation Officer, prepare for

submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order.   The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. ' 636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*.   The parties waived the 14-day appeal rights.

Dated:   11/26/2013

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bradley P. Shepard
Assistant United States Attorney

Michael J. Donahoe
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal